[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11922
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00252-JSM-TBM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX ENRIQUE TOMALA CRUZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(January 11, 2013)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Felix Enrique Tomala Cruz appeals his convictions after his guilty plea to

conspiracy and possession with intent to distribute more than five kilograms of

cocaine while aboard a vessel in international waters, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1), 70506(a) & (b), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2. He argues for the first time on appeal that the district court lacked subject matter jurisdiction. Although the United States Department of State certified that his vessel was stateless and subject to the United States jurisdiction, Cruz asserts that the Ecuadorian Ambassador to Guatemala later intervened on his behalf.

The MDLEA criminalizes knowingly or intentionally manufacturing or possessing a controlled substance, with or without intent to distribute, aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1). A vessel subject to the jurisdiction of the United States includes "a vessel without nationality." Id. § 70502(c)(1)(A). A "vessel without nationality" includes a vessel for which the claimed nation of registry "does not affirmatively and unequivocally assert that the vessel is of its nationality." Id. § 70502(d)(1)(C).

There is no dispute that Cruz was one of three crewmembers aboard a vessel that the United States Coast Guard interdicted in international waters. The crew initially made no claim of nationality, but stated that they had departed from Colombia. Later, the crewmembers claimed Ecuadoran nationality. Neither Colombia nor Ecuador could confirm or deny the nationality of the vessel and the

2

Secretary of State certified that the vessel was without nationality. Based on this certification, the district court found that it had jurisdiction over the stateless vessel in international waters.

On appeal, Cruz's only argument appears to be that because, he asserts, the Ecuadorian Ambassador actually intervened on his behalf, it was improper for the United States to not surrender Cruz to Ecuador. However, Cruz admits in his brief on appeal that "no diplomat or Ecuadorian official ha[s] filed any formal claim or documentation of any kind in this case." We have no evidence that the Ecuadorian Ambassador claimed that the vessel was not stateless. In short, Cruz does not present any facts contradicting that he was on a stateless vessel in international waters subject to United States jurisdiction.[1]

**AFFIRMED.**

---

[1] Cruz argues that a foreign nation preserves its inherent right to prosecute its own nationals, notwithstanding the provision of Article I, section 8, clause 10 of the Constitution, pursuant to which the MDLEA was passed. However, in this case, there is no factual basis in the record to support Cruz's claim of Ecuadorian intervention.